IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JAMES ANTHONY UHLES, JR., | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   NO. 3:18-cv-00622 |
| | ) |
| DEBORAH M. HOUSEL, et al., | )   JUDGE CAMPBELL |
| | ) |
|     Defendants. | ) |

## MEMORANDUM AND ORDER

Plaintiff James Anthony Uhles, Jr., a pretrial detainee in the custody of the Davidson County Sheriff's Office in Nashville, Tennessee, has filed a *pro se* complaint under 42 U.S.C. § 1983. (Doc. No. 1.) Plaintiff has also filed an application to proceed *in forma pauperis* (IFP). (Doc. No. 6.)

The case is before the Court for ruling on the IFP application and for initial review pursuant to the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(e)(2) and 1915A, and 42 U.S.C. § 1997e.

### I.    Application to Proceed IFP

Under the PLRA, 28 U.S.C. § 1915(a), a prisoner bringing a civil action may apply for permission to file suit without prepaying the filing fee of $350.00 required by 28 U.S.C. § 1914(a). Because it is apparent from Plaintiff's IFP application that he lacks the funds to pay the entire filing fee in advance, his application (Doc. No. 6) is **GRANTED**.

Pursuant to 28 U.S.C. §§ 1915(b) and 1914(a), Plaintiff is nonetheless assessed the $350.00 civil filing fee. The warden of the facility in which Plaintiff is currently housed, as custodian of Plaintiff's trust account, is **DIRECTED** to submit to the Clerk of Court, as an initial payment, the

greater of: (a) 20% of the average monthly deposits to Plaintiff's credit at the jail; or (b) 20% of the average monthly balance to Plaintiff's credit for the six-month period immediately preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1). Thereafter, the custodian shall submit 20% of Plaintiff's preceding monthly income (or income credited to Plaintiff for the preceding month), but only when the balance in his account exceeds $10.00. 28 U.S.C. § 1915(b)(2). Payments shall continue until the $350.00 filing fee has been paid in full to the Clerk of Court. 28 U.S.C. § 1915(b)(3).

The Clerk of Court **MUST** send a copy of this Order to the warden of the facility where Plaintiff is housed to ensure compliance with that portion of 28 U.S.C. § 1915 pertaining to the payment of the filing fee. If Plaintiff is transferred from his present place of confinement, the custodian must ensure that a copy of this Order follows Plaintiff to his new place of confinement, for continued compliance with the Order. All payments made pursuant to this Order must be submitted to the Clerk of Court for the United States District Court for the Middle District of Tennessee, 801 Broadway, Nashville, TN 37203.

## II. Initial Review of the Complaint

### A. PLRA Screening Standard

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss any IFP complaint that is facially frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Similarly, Section 1915A provides that the Court shall conduct an initial review of any prisoner complaint against a governmental entity, officer, or employee, and shall dismiss the complaint or any portion thereof if the defects listed in Section 1915(e)(2)(B) are identified. Under both statutes, this initial review of whether the complaint states a claim upon which relief may be granted asks whether it contains

"sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," such that it would survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Applying this standard, the Court must view the complaint in the light most favorable to Plaintiff and, again, must take all well-pleaded factual allegations as true. *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). Furthermore, pro se pleadings must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, pro se litigants are not exempt from the requirements of the Federal Rules of Civil Procedure, *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989), nor can the Court "create a claim which [a plaintiff] has not spelled out in his pleading." *Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011) (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975)).

### B. Section 1983 Standard

Plaintiff seeks to vindicate alleged violations of his federal constitutional rights under 42 U.S.C. § 1983. Section 1983 creates a cause of action against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or federal laws. *Wurzelbacher v. Jones-Kelley*, 675 F.3d 580, 583 (6th Cir. 2012). Thus, to state a Section 1983 claim, Plaintiff must allege two elements: (1) a deprivation of rights secured by the

Constitution or laws of the United States, and (2) that the deprivation was caused by a person acting under color of state law. *Carl v. Muskegon Cnty.*, 763 F.3d 592, 595 (6th Cir. 2014).

### C. Allegations and Claims

Plaintiff claims that the alleged victim of the crime for which he is awaiting trial did not want to prosecute or cooperate with authorities, and that the incident report generated by law enforcement "states that pictures of the injuries were taken but due to a countywide computer crash that re-started multiple computers, the pictures were erased from the computer [, while] [a]t the bottom of that same page it says 'crime scene photo(s) taken: NO.'" (Doc. No. 1 at 5.) Alleging that this apparent contradiction renders the law enforcement officer's report false, Plaintiff argues that he is being illegally detained without probable cause. (*Id.*) He also argues that he is being held "under the description of another man." (*Id.*) Plaintiff claims a violation of his Fourth Amendment rights and seeks damages of $3,000 per day for every day he is detained; $175,000 for the use of a false incident report to further his prosecution; $85,000 for mental anguish; and $195 per day for every day of lost wages. (*Id.* at 6.)

In a supplement to his complaint (Doc. No. 5), Plaintiff clarifies that his wife is the alleged victim of the crime he is accused of committing. He alleges that his wife's mother called the police 24 hours after an alleged domestic violence incident, and that no pictures were taken at the residence because no crime took place. (*Id.* at 1.) Plaintiff alleges that he made bond, but that his bond was revoked and he was found in contempt of court by Judge Monte Watkins because his wife sat near him at a hearing instead of near the prosecution. (*Id.* at 2.) He states that "this is why Judge Mont[e] Watkins is also being held directly responsible for my being held here against my will under false imprisonment[.]" (*Id.*)

4

Plaintiff has sued Assistant District Attorney Deborah M. Housel, District Attorney Glenn Funk, and Tennessee Criminal Court Judge Monte Watkins. (*Id.* at 1.) In addition to an award of damages, Plaintiff seeks to have all Defendants reprimanded. (*Id.* at 6.) He sues all Defendants in their official capacity only. (*Id.* at 2.)

### D.     Analysis

Plaintiff has failed to sue an appropriate defendant, and this action is therefore subject to dismissal. In suing the District Attorney and an Assistant District Attorney in their official capacity, Plaintiff has effectively sued their employer, the municipal government of Nashville and Davidson County. *See Alkire v. Irving*, 330 F.3d 802, 810 (6th Cir. 2003) (citing, e.g., *Kentucky v. Graham*, 473 U.S. 159, 165 (1985)). While counties and other municipal defendants are "persons" subject to suit under Section 1983, municipal liability may only be established if the plaintiff's harm is alleged to have been caused by the execution of an official policy or custom of the municipality, rather than simply the misdeeds of municipal employees. *Id.* at 814–15. In other words, "[a] plaintiff seeking to impose liability under § 1983 must demonstrate that, through its deliberate conduct, the municipality was the moving force behind the injury alleged," such that there is a "direct causal link between the municipal action and the deprivation of federal rights." *Burns v. Robertson Cnty.*, 192 F. Supp. 3d 909, 920 (M.D. Tenn. 2016) (quoting *Bd. of Cnty. Comm'rs v. Brown*, 520 U.S. 397, 404 (1997)) (internal quotation marks omitted). Plaintiff fails to allege that the harm he suffered was caused by the execution of a municipal policy or custom.

Judge Watkins is a state employee. Therefore, in suing for damages against Judge Watkins in his official capacity, Plaintiff has effectively sued the State of Tennessee. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) (citing, e.g., *Kentucky*, 473 U.S. at 165–66). The Eleventh Amendment prohibits suits against a state in federal court. *Kentucky*, 473 U.S. at 169–170;

5

*Pennhurst State Schl. & Hosp. v. Halderman*, 465 U.S. 89, 98–100 (1984). Furthermore, "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will*, 491 U.S. at 71. Any official-capacity claim for damages against Judge Watkins is therefore barred by the Eleventh Amendment and outside the purview of Section 1983.

Finally, even if these Defendants had been sued in their individual capacity, they would be immune from liability for prosecuting the charge against Plaintiff (in the case of Defendants Housel and Funk) and adjudicating the matter of his bond revocation and contempt (in the case of Defendant Watkins). It is well established that judges are absolutely immune from Section 1983 liability for their judicial acts. *Briscoe v. LaHue*, 460 U.S. 325, 334 (1983); *Pierson v. Ray*, 386 U.S. 547, 554 (1967); *Barrett v. Harrington*, 130 F.3d 246, 254 (6th Cir. 1997). Similarly, prosecutors enjoy absolute immunity from suit under Section 1983 for conduct related to the initiation and presentation of the state's case. *Imbler v. Pachtman*, 424 U.S. 409, 420, 431 (1976); *Howell v. Sanders,* 668 F.3d 344, 349 (6th Cir. 2012). Plaintiff does not allege that these Defendants acted outside the scope of their official duties in proceeding against him. At best, he alleges that they performed their judicial and prosecutorial functions in a fraudulent or wrongful way. However, the immunity afforded to judges and prosecutors is not defeated by allegations that such officials acted maliciously or corruptly, as it is in the public interest that these officials be able to perform their functions without fear of consequences, even when their motives in performing such functions are questioned. *Imbler*, 424 U.S. at 427–28; *Pierson*, 386 U.S. at 554.

## III.   Conclusion

For the reasons given above, Plaintiff's application to proceed IFP (Doc. No. 6) is **GRANTED**, and the complaint is **DISMISSED** for failure to state a claim on which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

This Order constitutes the final judgment in this action pursuant to Federal Rule of Civil Procedure 58.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE